## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SETH MALINSKI,
               Appellant,

       v.

DEPARTMENT OF JUSTICE,
               Agency.

DOCKET NUMBER
CH-0752-21-0084-I-1

DATE: February 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Ross A. Nabatoff</u>, Esquire, Washington, D.C., for the appellant.

<u>Susan C. Amundson</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

¶2      In his petition for review, the appellant reiterates the same arguments that he made below.[2]  *Compare* Initial Appeal File (IAF), Tab 61, *with* Petition for Review (PFR) File, Tab 8.  Among other things, the appellant disputes that he took a nude photograph of a coworker, distributed the photograph to other employees, and was not forthcoming about the content of the photograph or his reason for taking it.  PFR File, Tab 8 at 5-31.  He also challenges the credibility of the agency's witnesses concerning the details surrounding the nude photograph.  *Id.*  However, the record reflects that the administrative judge considered the appellant's arguments and the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. IAF, Tab 64, Initial Decision (ID); *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (stating that the Board will give due deference to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  The administrative judge found credible the agency witnesses' description of the nude photograph the appellant took and further found that any

---

[2] To the extent the appellant's petition for review fails to identify specific errors in the administrative judge's analysis, the Board will not embark upon a complete review of the record.  *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

differences in their descriptions of it were not significant enough to undermine their credibility. ID at 6-9, 18-19. In contrast, based on, among other things, her observation of the appellant, the administrative judge did not credit the appellant's testimony that he never took a nude photograph of his coworker, but rather, he took photographs of a pile of her clothing in the car and her credentials on the windshield. ID at 10-13.

¶3        We find unavailing the appellant's arguments that the administrative judge erred in her conclusion that all three agency witnesses described seeing a nude photograph or that their testimony regarding the photograph was conflicting, contradictory, and inconsistent. PFR File, Tab 8 at 13-15. The appellant asserts that the administrative judge erred in finding that Deputy U.S. Marshal (DUSM) T.D. testified that he saw a photograph of a nude woman. *Id.* at 13. However, the appellant mischaracterizes DUSM T.D.'s testimony in which, although he initially described the woman in the photograph as "partially clothed," he later clarified that he could not see any clothing. Hearing Transcript (HT) (Apr. 27, 2021) at 281-84. The appellant also asserts that DUSM E.H.'s testimony is not credible based on contradictory information that he provided to the Office of the Inspector General (OIG) when they interviewed him on two separate occasions regarding the nude photograph. PFR File, Tab 8 at 19, 24. However, the administrative judge considered and rejected such an argument, crediting DUSM E.H's hearing testimony explaining that the inconsistency in his OIG testimony occurred because the OIG agent called him in the middle of the night while he was in Europe on a work-related matter and that he later clarified his testimony with the agent. ID at 8-9. Lastly, the appellant asserts that the administrative judge erred in crediting the testimony of the three agency witnesses who saw the nude photograph because two other individuals[3] indicated that they could not

___

[3] These included DUSM J.G., who was one of the appellant's witnesses at the hearing, HT (Apr. 28, 2021) at 465, and DUSM K.K., who did not testify at the hearing but was interviewed by OIG, IAF, Tab 11 at 130, Tab 38 at 16.

make out the details in the photograph or identify the individual in the photograph.  PFR File, Tab 8 at 19-21.  The administrative judge considered but rejected this argument, noting that the appellant admitted that he took two photographs and, thus, these two individuals may have seen a different photograph than the other three agency witnesses.  ID at 9-10.  Accordingly, the appellant's arguments on review do not provide a basis to overturn the administrative judge's credibility findings.  *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board may overturn an administrative judge's credibility determinations only when it has "sufficiently sound" reasons for doing so).

¶4        Finally, the appellant's conclusory assertion that the administrative judge erred in finding that he failed to prove his defense of laches fails to identify specific errors in the administrative judge's findings that the agency's delay in bringing the action was not unreasonable or that the appellant failed to show that he was materially prejudiced by the delay.  PFR File, Tab 8 at 31-34; ID at 19-27; *see* 5 C.F.R. § 1201.115.  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.